UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD STEVEN YAAG,<br><br>　　　　　Petitioner,<br>v.<br>ROBERT LeGRAND, et al.,<br><br>　　　　　Respondents. | Case No. 3:14-cv-00295-MMD-WGC<br><br>ORDER |

This habeas matter comes before the Court on: (1) respondents' motion to dismiss (ECF No. 25); (2) petitioner's motion for leave to supplement the petition (ECF No. 32); (3) petitioner's third motion for appointment of counsel (ECF No. 35); and (4) petitioner's motion for judicial action on actual innocence claim (ECF No. 37).

**I.   MOTION FOR APPOINTMENT OF COUNSEL**

The November 10, 2016, order granting petitioner's motion seeking discovery sets forth the background relevant to this order. (*See* ECF No. 39.)

Exhibit 4 in the record supplement filed on December 9, 2016, potentially corroborates petitioner's allegation that he was incarcerated in California at a time when the complaining witness testified that he committed the offenses charged in Counts 1 to 5. Petitioner was convicted on Count 4. As noted in the prior order, evidence tending to establish that petitioner could not have been in Nevada at the time of, at the very least, the offenses in Counts I to 5 further is potentially relevant to petitioner's arguments challenging the credibility of the witness' testimony regarding the remaining counts for which he stands convicted. (*See* ECF No. 39 at 12.) Petitioner, accordingly, potentially

may be able to overcome any untimeliness and/or procedural default of claims herein by satisfying the actual-innocence standard in *Schlup v. Delo*, 513 U.S. 298 (1995).

The Court therefore finds that the interest of justice requires the appointment of counsel, and petitioner's motion for same will be granted pursuant to the remaining provisions of this order.

## II.   REMAINING MOTIONS

The remaining motions will be denied without prejudice in anticipation of the filing of a counseled amended petition.

The denial of respondents' motion to dismiss is without prejudice to respondents' assertion or reassertion of all defenses applicable to the claims in the counseled amended petition.

The denial of petitioner's motion for leave to supplement the petition is without prejudice to possible arguments seeking to establish relation back to any claims or allegations asserted therein. The motion simply is denied without prejudice due to the anticipated filing of a superseding counseled amended petition.

## III.   ADDITIONAL MATTERS

In its most recent order, the Court admonished petitioner regarding noncompliance with Local Rule LR IC 6-1, which requires in pertinent part that parties not include the names of minor children in filings. (*See* ECF No. 39 at 17-18.)

Respondents failed to redact the complaining witness' name from the exhibits filed in response to that very same order.

The Court will direct the Clerk to file Exhibits 1 through 3 in ECF No. 40 under seal as the most expedient manner of rectifying respondents' noncompliance with the local rule.

The Court trusts that sterner measures will not be required to ensure that the parties take all steps necessary to comply with the local rule. The Court regards noncompliance with the local rule in this context to be an especially serious matter.

///

## IV. CONCLUSION

It is therefore ordered that petitioner's motion for appointment of counsel (ECF No. 35) is granted. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.

It is further ordered that all remaining motions (ECF Nos. 25, 32, and 37) are denied without prejudice.

It is further ordered that the Clerk of Court seal Exhibits 1 through 3 in ECF No. 40.

The Clerk accordingly will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division. The Clerk further will provide copies of all prior filings herein to the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 15th day of December 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE