UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DONALD STEVEN YAAG,

    Petitioner,

v.

ROBERT LEGRAND, *et al.*,

    Respondents.

Case No. 3:14-cv-00295-MMD-WGC

ORDER

This counseled habeas matter comes before the Court on Petitioner's Motion for a Stay and Abeyance ("Motion") (ECF No. 61). Respondents do not oppose the Motion subject to certain conditions. (ECF No. 65.)

Petitioner, recognizing that his operative 28 U.S.C. § 2254 petition contains unexhausted claims, has filed a habeas petition in state court to exhaust those claims. (*See* ECF Nos. 60, 61.) The state court has denied the petition, and Petitioner indicates that he intends to file a notice of appeal to the Nevada Supreme Court. (ECF Nos. 60, 61.) Petitioner seeks a stay and abeyance while he completes the exhaustion process. Respondents do not oppose so long as they have an opportunity to renew their procedural defenses once the stay is lifted and so long as any claims remaining unexhausted after the state court proceedings have terminated are dismissed with prejudice.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas Petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

///

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

*Rhines*, 544 U.S. at 277. The Court went on to state "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust his claims in state court. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Petitioner's unexhausted claims arise from information obtained through Petitioner's and his counsel's efforts in this case. The Court finds that the failure of Petitioner's state court counsel to obtain this information constitutes good cause for the Petitioner's failure to exhaust the claims in state court. Further, Petitioner's claims are not plainly meritless. As Respondents also do not oppose the motion, Petitioner's motion to stay these proceedings will be granted.[1]

It is therefore ordered that Petitioner's Motion (ECF No. 61) is granted.

///

---

[1] Respondents will of course be free to raise any and all procedural defenses in a renewed motion to dismiss after this action is reopened. The Court will not at this time entertain Respondents' other request—that any claims left unexhausted after this round of state habeas review be dismissed with prejudice. The Court will decide how to proceed with any unexhausted claims if, and only if, unexhausted claims remain in the petition after the stay is lifted.

2

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims in Petitioner's amended petition.

It is further order that Respondents' Motion to Dismiss (ECF No. 55) is denied without prejudice. Respondents may file another motion to dismiss raising all pertinent procedural defenses within thirty (30) days of the lifting of the stay.

It is further ordered that the grant of a stay is conditioned upon Petitioner further litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that the Clerk will administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 17th day of April 2018.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE