UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD STEVEN YAAG,<br><br>                Petitioner,<br>    v.<br>RENEE BAKER, *et al.*,<br><br>                Respondents. | Case No. 3:14-cv-00295-MMD-WGC<br><br>ORDER |

**I.  SUMMARY**

      This closed habeas matter is before the Court on Petitioner Donald Steven Yaag's Motion for Rule 60(b)(6) Review (ECF No. 94), Motion for Status (ECF No. 99), and Motion for Appointment of Counsel (ECF No. 101). As further explained below, the Court will deny these motions.

**II.  BACKGROUND**

      Yaag initiated this case on June 6, 2014, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2009 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. (ECF No. 1.) Yaag filed a counseled second amended petition (ECF No. 48) in August 2017, and Respondents moved to dismiss the second amended petition as untimely, unexhausted, procedurally defaulted, or non-cognizable. (ECF No. 55.) Yaag responded and also requested a stay and abeyance pending the exhaustion of remedies in state court. (ECF Nos. 60, 61.) The Court granted his request and denied the dismissal motion without prejudice. (ECF No. 66.)

      In October 2017, Yaag filed a second state petition for writ of habeas corpus. The state court denied the second state petition as time-barred and successive. (ECF No. 68-8.) The state court found that Yaag's actual innocence claim failed to establish good cause to overcome Nevada's procedural bars. (*Id*. at 8.) In October 2019, the Court granted

Yaag's unopposed request to reopen this case. (ECF No. 67.) Respondents filed a motion to dismiss the second amended petition, and the Court dismissed the petition on October 2, 2020, finding Claims A, B(2), and C untimely and Claims B(1), B(2), C, and D procedurally defaulted. (ECF No. 78.) The Clerk of Court entered judgment. (ECF No. 79.)

Yaag appealed the order denying petition and judgment entered to the United States Court of Appeals for the Ninth Circuit. (ECF No. 80.) The Ninth Circuit denied Yaag's request for a certificate of appealability. (ECF No. 82.) The Ninth Circuit granted Yaag's counsel's request to be relieved as counsel of record and Yaag proceeded *pro se* before the Ninth Circuit. (ECF No. 87.) The Ninth Circuit denied Yaag's motion for reconsideration and motion for reconsideration *en banc*. (ECF No. 89.) The United States Supreme Court denied Yaag's petition for writ of certiorari and petition for rehearing. (ECF Nos. 91, 93.)

## III.     DISCUSSION

### A.     Motion for Rule 60(b)(6) Review

A motion made under Rule 60(b)(6) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. *See id*.

"Rule 60(b)(6) permits reopening for 'any . . . reason that justifies relief' other than the more specific reasons set out in Rule 60(b)(1)-(5)." *Wood v. Ryan*, 759 F.3d 1117, 1119-20 (9th Cir. 2014) (quoting Fed. R. Civ. P. 60(b)(6)). Under Rule 60(b)(6), "extraordinary circumstances" are required to justify the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019); *see also Ackermann v. United States*, 340 U.S. 193, 199 (1950); *Wood*, 759 F.3d at 1120. However, "[s]uch circumstances 'rarely occur in the habeas context'." *Wood*, 759 F.3d at 1120 (quoting *Gonzalez*, 545 U.S. at 535); *see also Hall v. Haws*, 861 F.3d 977, 984 (9th Cir. 2017) (noting that "AEDPA poses significant hurdles for a Rule 60(b) petitioner"). A party who seeks relief under Rule 60(b)(6) typically "must demonstrate both injury and circumstances beyond his control" that prevented them from properly pursuing their case. *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

First, the Court notes that Yaag's motion was not brought within a reasonable time. The Court entered its order granting Respondents' motion to dismiss and judgment on October 2, 2020. (ECF Nos. 78, 79.) Yaag filed his motion for reconsideration two years later on November 15, 2022. (ECF No. 94.) Although Yaag's motion for reconsideration could be denied on the basis of its untimeliness, the Court nonetheless denies relief under Rule 60(b)(6) because Yaag fails to demonstrate extraordinary circumstances.

Yaag asserts he is entitled to relief because of the holding in *In re Jackson*, 12 F.4th 604 (6th Cir. 2021), wherein the Sixth Circuit granted the petitioner's motion to file a second or successive application for habeas writ because, *inter alia*, the prosecution withheld material and exculpatory evidence. *See id*. at 3. Yaag fails to make a showing of extraordinary circumstances by a change in intervening law. *See Hall*, 861 F.3d at 987. "A dismissal of a petition based on an accurate application of then-settled law—even after the Supreme Court overrules such precedent—is 'hardly extraordinary.'" *Bynoe v. Baca*, 966 F.3d 972, 983 (9th Cir. 2020). Yaag does not demonstrate a relationship between any purported change in law and the challenged judgment as he is not moving for leave to file a second or successive petition.

Yaag further asserts that the trial court judge, his trial counsel, the prosecution, and the federal judge are conspiring together. (ECF No. 94 at 2, 14.) Yaag's assertions lack merit and he fails to demonstrate extraordinary circumstances warranting reconsideration. Because Yaag has not demonstrated that he is entitled to relief under Rule 60(b)(6), the Court denies his motion for review.

The Court further denies Yaag's request for an evidentiary hearing. An evidentiary hearing is not warranted when "the record refutes [the petitioner's] factual allegations or otherwise precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

### B. Motion for Status

This case has concluded, and the Court has denied Yaag's motion for reconsideration herein. Yaag's motion for status regarding "prosecuting of the case" is denied as moot.

### C. Motion for Appointment of Counsel

Yaag requests appointment of counsel. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). The decision to appoint counsel is generally discretionary. *See id.*; 18 U.S.C. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). Here, the case has closed, and Yaag has not established that the interests of justice require the appointment of counsel. Accordingly, the Court denies his motion.

### IV. CONCLUSION

It is therefore ordered that Petitioner Donald Steven Yaag's Motion for Rule 60(b)(6) Review (ECF No. 94) is denied.

It is further ordered that Petitioner's Motion for Status (ECF No. 99) is denied as moot.

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 101) is denied.

It is further ordered that a certificate of appealability is denied because reasonable jurists would not find the Court's reasoning debatable or wrong.

DATED THIS 5th Day of September 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE